Leo Brown, J.
This is a motion by the District Attorney of Queens County for the appointment of a Special District Attorney, pursuant to section 701 of the County Law, for the purpose of prosecuting this defendant.
Defendant is an Assistant District Attorney of Queens County assigned, to the Grand Jury Bureau who, due to his arrest, is presently under suspension. Defendant was arrested on February 26, 1973 on a felony complaint for violating section 130.65 of the Penal Law and on a misdemeanor inf ormation filed by a • different and unrelated complainant for violating section 120.15 of the Penal Law. Defendant was arraigned on the same date and released on his own recognizance. After a preliminary hearing both charges were held for Grand Jury action. No presentation has yet been made to the Grand Jury and it is the District Attorney’s intention to await the appointment of a Special District Attorney before proceeding.
The motion is grounded upon the District Attorney’s declaration of disqualification stemming from the professional and personal relationships which this defendant shared with the members of the District Attorney’s staff. “A public prosecutor * * * is a gwasi-judicial officer, representing the People of the state, and presumed to act impartially in the interest only of justice.” (People v. Fielding, 158 N. Y. 542, 547; Canons of Professional Ethics, canon 5.) “ Public confidence in the office * * * demands that there' be no conflict of interest or the appearance of a conflict.” (People v. Krstovich, 72 Misc 2d 90, 94.) Thus, where the District Attorney seeks to disqualify himself, the burden of proof is sustained by a good faith application containing the reasonable grounds for bis belief that he is so disqualified. (Cf. People v. Ferdinando,, 40 A D 2d 714.)
In view of all the factors brought to light, the court finds that the District Attorney is disqualified from proceeding with the prosecution of this defendant. (See, for related cases, 31 ALR 3d 953.) Under such circumstances the court is vested with the authority to appoint a Special District Attorney to discharge the duties of the District Attorney with reference to a particular ease. (See People v. Lytle, 7 App. Div. 553; People v. Ferd *835 inando, supra.) Section 701 of the County Law provides, inter alia: ‘‘ Whenever the district attorney of any county and his assistant * * * is disqualified from acting in a particular case to discharge his duties ® * * the court may, by an order entered in its minutes, appoint some attorney at law residing in the county, to act as special district attorney during the * * * disqualification of the district attorney and his assistant; but such appointment shall not be made for a period beyond the adjournment of the term at which made. The special district attorney so appointed shall possess the powers and discharge the duties of the district attorney during the period for which he shall be appointed.”
The motion is granted. The court appoints Howard Stave and Douglas Krieger as Special District Attorneys for the sole purpose of prosecuting the charges against this defendant.