■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT KNIGHT, JR., Appellant.— Judgment unanimously modified by reducing the sentence to an indeterminate sentence with a maximum of four years, and as so modified judgment affirmed. Memorandum: In the light of all the circumstances and in the interest of justice we find the sentence imposed was excessive and should be reduced. (Appeal from judgment of Onondaga County Court, convicting defendant of selling dangerous drugs, third degree.) Present — Goldman, P. J., Del Vecchio, Marsh and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOMER J. CAUSER, Appellant.— Judgment unanimously affirmed. Memorandum: In affirming this judgment of conviction we deem it necessary to repeat the often reiterated admonition that a prosecutor in summation must not make himself an unsworn witness to support his case by his veracity and official position (*Berger* v. *United States,* 295 U. S. 78, 88; *People* v. *Lovello,* 1 N Y 2d 436, 439; *People* v. *Castelo,* 24 A D 2d 827). The reason why such conduct is uniformly condemned is because a public prosecutor is a quasi-judicial officer representing the State and presumed to act not to obtain a conviction but impartially in the interest only of justice (*People* v. *Fielding,* 158 N. Y. 542, 547). While the prosecutor's conduct in this case was uncalled for and improper, as he himself recognized and as evidenced by his apology, we agree with the trial court that the evidence at a post-trial hearing did not establish sufficient prejudicial effect upon the jury to warrant vacating the judgment. (Appeal from judgment of Steuben County Court, convicting defendant of assault, second degree and reckless endangerment, second degree.) Present — Marsh, J. P., Moule, Cardamone and Simons, JJ.