Robert S. Kreindler, J.
Defendant having pleaded guilty on October 24, 1974 to three counts contained in three indictments which included two class A-III felony counts, moves for the following relief: (1) for an order declaring section 65.00 (subd 1, par [b]) of the Penal Law unconstitutional, and (2) for a hearing with respect to the refusal of the District Attorney to recommend lifetime probation.
The District Attorney had refused to recommend that the court sentence defendant to a period of probation upon the ground that she had not been of sufficient material assistance in the investigation, apprehension or prosecution of a person charged with violating a section within article 220 of the Penal Law (narcotic violations), and he further did not choose to accept what this defendant had to offer.
*573 The pertinent part of section 65.00 (subd 1, par [b]) provides:
"The court, with the concurrence of either the administrative judge of the court or of the judicial district within which the court is situated or such administrative judge as the presiding justice of the appropriate appellate division shall designate, may sentence a person to a period of probation upon conviction of a class A-III felony if the prosecutor either orally on the record or in a writing died with the indictment recommends that the court sentence such person to a period of probation upon the ground that such person has or is providing material assistance in the investigation, apprehension or prosecution of any person for a felony defined in article two hundred twenty or the attempt or the conspiracy to commit any such felony, and if the court, having regard to the nature and circumstances of the crime and to the history, character and condition of the defendant is of the opinion that: * * *
"(iii) The defendant has or is providing material assistance in the investigation, apprehension or prosecution of a person for a felony defined in article two hundred twenty or the attempt or conspiracy to commit any such felony” (emphasis supplied). .
Defendant contends that the statute is unconstitutional. She claims it violates her right to due process guaranteed by the Fourteenth Amendment and that it is vague and does not sufficiently define what is meant by "material assistance” so as to inform a person whether his conduct or acts come within its provisions.
Defendant further contends that the statute allows the prosecutor to recommend lifetime probation to some defendants and arbitrarily withhold such recommendation from others, with or without reason. That because of the possibility of varying results in the use of prosecutorial discretion there is a denial of equal protection of the law.
A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law (Connolly v General Constr. Co., 269 US 385, 391).
The object of the Legislature in enacting the statute in question was "to get small fry drug dealers or addicts to cooperate in the apprehension and conviction of bigger traf *574 tickers” and was intended to be a bargaining lever (Hechtman, Supplementary Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 65.00, 1974-1975 Pocket Part, p 97; People v Gardner, 78 Misc 2d 744, 752).
It is well established that criminal statutes are to be strictly construed except that by virtue of express statutory enactment, the Penal Law and all of its provisions must be construed according to the fair import of their terms, to promote justice and effect the objects of the law (Penal Law, § 65.00; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 276 [1971]).
The words "material assistance” must be given their plain and usual meaning. "Material” is defined as being of real importance or great significance and "assistance” is defined as help supplied or given. To "assist” is defined as an act or circumstance that helps to bring about a desired result (Webster’s Third New International Dictionary, pp 132, 1392 [1969]). Therefore, material assistance, or to materially assist, in the instant case would be to aid to a significant extent in the investigation, apprehension or prosecution of a violator of article 220 of the Penal Law.
In order to induce the prosecuting authorities to recommend lifetime probation, defendant asserts in her affidavit that she attempted to materially assist in the apprehension of two drug dealers ("set them up”) but, through an alleged leak that she was an informer for the police, her efforts proved fruitless.
Defendant’s attack upon the constitutionality of section 65.00 of the Penal Law as a denial of equal protection of the law, is without merit. There is no claim, nor do the moving papers show any semblance of invidious discrimination.
Additionally, there is no basis in the record before the court that defendant has been denied equal protection of the law because of possible discriminatory enforcement of the statute. In so arguing, defendant has the burden of demonstrating a "pattern of discrimination consciously practiced” (People v Friedman, 302 NY 75, 81; see, also, Yick Wo v Hopkins, 118 US 356). Equal protection of the law means the protection of equal laws (Yick Wo v Hopkins, supra). It forbids all invidious discrimination but does not require identical treatment for all persons without recognition of differences in relevant circumstances.
In passing upon the challenge as to the constitutionality of *575 subdivision 1 of section 65.00 of the Penal Law, the court takes cognizance of the well-established principle that this statute, like all other legislative enactments, is supported by a strong presumption of validity and, to establish the contrary, the unconstitutionality of this statute must be demonstrated beyond a reasonable doubt (Matter of Van Berkel v Power, 16 NY2d 37, 40; People v Pagnotta, 25 NY2d 333). To satisfy the constitutional requirements of due process, a statute must be sufficiently defined to give a reasonable man subject to it, notice of the nature of what is prohibited and what is required of him (People v Byron, 17 NY2d 64-67; Lanzetta v New Jersey, 306 US 451; People v Pagnotta, supra). However, a court of original jurisdiction should not set aside a statute as unconstitutional unless that conclusion is inescapable (Bohling v Corsi, 204 Misc 778, affd 306 NY 815; People v Elkin, 196 Misc 188, 193; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150 [1971]). The tendency is to leave such questions to appellate tribunals (City of New Rochelle v Ecko Bay Waterfront Corp., 182 Misc 176, 177, affd 268 App Div 182, affd 294 NY 678).
The court concludes that section 65.00 (subd 1, par [b]) of the Penal Law is constitutional, is not vague and sufficiently sets forth what is required to procure a recommendation of lifetime probation from a District Attorney upon a plea of guilty that includes an A-III felony count.
With respect to that branch of defendant’s motion requesting a hearing, defendant contends that irrespective of the constitutionality of this section, she rendered material assistance; that having rendered material assistance in the investigation of article 220 violators, the withholding of the recommendation of lifetime probation by the prosecution is an abuse of discretion.
The District Attorney is a public officer. His duties are quasi-judicial in nature. His obligation is to protect, not only the public interest, but also the rights of the accused. In the performance of his duties, he must not only be disinterested and impartial, but must also appear to be so (People v Lombard, 4 AD2d 666, 671; People v Fielding, 158 NY 542, 547). His primary duty is to see that justice is done. Because he is presumed to act impartially (People v Fielding, supra, p 547) he has wide latitude to determine whom, whether and how to prosecute (Matter of Johnson v Boldmen, 24 Misc 2d 592; Matter of Hassen v Magistrate’s Ct. of the City of N. Y., 20 *576 Misc 2d 509, app dsmd 10 AD2d 908, cert den 364 US 844; Matter of Coleman v Lee, 1 Misc 2d 685).
Under long-standing principles of law, this court must presume, until the contrary is shown, that officers vested with discretionary power exercise their power consistent with their fiduciary obligation to their particular governmental unit and to the people in general (Matter of Delicati v Schechter, 3 AD2d 19, 20). There is no warrant for judicial action as long as there is any reasonable basis for the District Attorney’s exercise of discretion.
Under certain conditions, section 65.00 (subd 1, par [b]) of the Penal Law permits a sentence of probation to be imposed for a class A-III felony. As the statute clearly states both the court and the Administrative Judge must concur in the District Attorney’s recommendation. This statute provides the court with a sentence option to what otherwise would be a crime requiring mandatory incarceration. The purpose of this sentence option is for the sole benefit of the prosecution. There is no substantive right to probation for an A-III felony. Such a recommendation by the District Attorney is discretionary and the mere existence of the potential for such a recommendation does not confer the right to it. The statute is intended to provide the prosecutor with a source of information for narcotic prosecutions, and if the prosecutor choses not to avail himself of the statute or of the assistance offered by a defendant it is within his well-established discretion. The defendant herein, however well motivated, is in no different position from those who are similarly well motivated but have nothing of value to offer.
The mere furnishing of information or an expression of a desire to co-operate does not thereafter preclude the District Attorney of his inherent right to decide the individual merits of each case. Although the defendant alleges that she has done all she can to provide material assistance, the ultimate decision rests with the District Attorney. This is necessarily a subjective as well as an objective determination.
If a prosecutor abuses his discretion, "a remedy may be found in his removal from office, or in the election of a successor worthy of the high position.” (People v Ballard, 134 NY 269, 293).
In view of the separation of powers between the judicial and executive branches, the judiciary should not seek to impose its standard of material assistance on the domain of discretion *577 given to the prosecutor by the Legislature. (Matter of Hassan v Magistrate’s Ct., 20 Misc 2d 509, 511, app dsmd 8 NY2d 750, cert den 364 US 844, supra.)
The statutory language imposes a twofold function on the prosecutor. Not only must he decide whether a defendant has provided "material assistance” but he must also decide whether to recommend probation. Such a recommendation would take into account the prosecutor’s evaluation of the seriousness of the crime and the trustworthiness of the defendant. Because of the risks inherent in such a decision the court should be most reluctant to substitute its judgment for that of the District Attorney who must ultimately bear those risks.
No promise of such a future recommendation is claimed to have been given or relied upon by the defendant. (Santobello v New York, 404 US 257.) Therefore, the District Attorney is free to exercise his discretion. (For an excellent analysis and discussion of the new sentencing statutes and drug laws see New York’s New Drug Laws and Sentencing Statutes by Albert M. Rosenblatt, Law Journal Press [1973].)
The record before this court does not reveal any evidence of an arbitrary or improper exercise of the District Attorney’s discretion and, therefore, the court will not substitute its judgment for that of the District Attorney.
No hearing is necessary. By consent, for the purposes of this motion only, all allegations contained in defendant’s affidavit are undisputed.
Accordingly, defendant’s motion is, in all respects, denied.