■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE J. KYSER, Appellant.—Judgment unanimously reversed, second count of indictment dismissed, and a new trial granted on first count of indictment. Memorandum: Defendant's objections to receipt of photographs and testimony of his prior identification at the police station are without merit. Defendant made no objection to the testimony, and indeed participated in it in his cross-examination, and he even referred to the photographs as being from "mug books". Although the court should have excluded the photographs, their receipt following the extensive testimony was harmless. Moreover, defendant's in-court identification by an eyewitness at the scene was positive and compelling. Without the introduction of evidence of defendant's motive for attempting to kill Larry Coffie, in summation the District Attorney told the jury that Larry Coffie was a police undercover agent who had made many drug arrests, that his testimony was needed to convict such arrestees, and the latter wanted to get him out of the way. He then stated, "They hired [defendant] to kill Larry Coffie and that is what you are looking at there today. You are looking at a man who kills for money". The court sustained the objection to this summation and told counsel that he would "advise the jury that they cannot speculate in regards to both summations". In its charge the court told the jury that "counsel on both sides get carried away in their summations and refer to things that conceivably are not in evidence * * * of course, if they refer to anything that is not in evidence or anything you cannot infer from the facts of this case, * * * you will completely disregard them". The People concede that the prosecutor's above statements are without support in the record, but contend that the court's remarks to the jury cured the error. We cannot agree. The remarks were exceedingly inflammatory and denied defendant a fair trial and require reversal. The prosecutor is a quasi-judicial official (People v Fielding, 158 NY 542; People v Causer, 43 AD2d 899), and it constitutes reversible error for him to use inflammatory arguments not based on the record (People v Williams, 40 AD2d 1023), even though the evidence supports a finding of guilt (People v Adams, 21 NY2d 397, 402; People v Steinhardt, 9 NY2d 267). The evidence supports the verdict of guilty on the first count of the indictment, to wit, attempt to take the life of Larry Coffie. However, there is insufficient evidence to sustain the verdict of guilty of attempt to take the

life of Betty Patterson. No one testified to seeing defendant shoot the shotgun or that the gun was fired. Ms. Patterson said that when she struggled with defendant, he said, "Don't struggle; the gun will go off". There was evidence that two pistols were fired, a total of six times, both by two other persons, and not at Ms. Patterson. The second count of the indictment should, therefore, be dismissed. (Appeal from judgment of Niagara County Court convicting defendant of attempted murder.) Present—Marsh, P. J., Simons, Mahoney, Dillon and Witmer, JJ.