OPINION OF THE COURT
Herbert Kramer, J.
These matters arise out of an alleged assault. (Penal Law, § 120.00.) Each of the purported combatants is in turn both complainant and defendant, hence the term “cross complaint.”
In this posture, the District Attorney of this county is both the accuser of the defendant and the protector of the victim. It is the anomaly of and the schism resulting from this role that is of concern herein.
The prosecutor’s role is by its nature a duality. At the outset it is a judicial role. A presentation is made to the District Attorney that a crime has been committed and a proposed defendant is guilty of that crime. Upon sufficient proof charges are brought. It is at this point that the District Attorney’s role evolves into that of advocate on behalf of the people.
*111 In the typical assault cross complaint, both participants are defendants as well. Such situation implies a surrender of the District Attorney’s judicial function in avoiding a preliminary determination of criminal responsibility. The common-law concept of assault cannot condone both parties’ freedom from fault. There must be both an aggressor and an aggrieved. It is of course possible, but not alleged herein, that the defender of an unjustified attack use such excessive or improper force to repel the attack, so as to result in the criminal liability of both parties. Where such precise demarcation is made in the accusatory instrument the issue of possible conflict of interest is less striking. Thus, it is the very nature of cross claims of assault, which from its inception forms a conflict for the prosecutor.
Furthermore, an interview with the complainant is usually a necessary predicate to the institution of and trial preparation for a criminal prosecution. It is this interview, under conditions controlled at least in part by law, which most poignantly illustrates the conflict.
At the time a citizen becomes a suspect in a crime he is entitled to a series of guarantees. (Miranda v Arizona, 384 US 436.) Similarly, upon retention of counsel a second set of guarantees emerge. (People v Samuels, 49 NY2d 218; People v Rogers, 48 NY2d 167.)
Investigation and preparation of cross complaints require continuous Miranda warnings as well as compliance with the Samuels doctrine. This projects a series of hearings with an inevitable expenditure of limited judicial resources.
A finding of conflict and/or potential conflict is not new in the law. (See People v Gomberg, 38 NY2d 307; People v Lloyd, 51 NY2d 107.) An attorney representing a defendant in a criminal proceeding should not represent another with conflicting interests. However, no court has yet directed the removal of a defense attorney based upon a defendant’s ultimate right to counsel of his choice despite a conflict. This is not in issue here.
The instant case involves a conflict arising out of the prosecution of two charges of assault. Certainly the simultaneous representation of conflicting interests by a prose *112 cutor is as abhorrent as its defense counterpart. Such representation is improper. (Matter of Fox v Shapiro, 84 Misc 2d 223.)
Thus each as a defendant is entitled to protection against improper conduct on the part of the District Attorney and as complainant each should have undiminished vigor of prosecution.[1] Moreover, they are entitled to be protected from even the appearance of impropriety. (People v Shinkle, 51 NY2d 417.)
There is nothing inherent in public official status that should disallow recusal in a conflict. The District Attorney, Attorney-General and Corporation Counsel, public officers all, have been traditionally discharged in the case of actual or potential conflict, or other counsel employed. (Judson v City of Niagara Falls, 140 App Div 62, affd 204 NY 630; Cahn v Town of Huntington, 29 NY2d 451.) In fact, the law has provided that where such a conflict exists a Special District Attorney may be appointed. (County Law, § 701.)[2]
Finally, a finding of conflict or potential conflict requires the institution of some procedure whereby the prosecution of such cases is separated. There is sufficient justification both administratively and in justice to support such a holding.
It is incumbent upon the court to bring to a speedy resolution the ever-increasing influx of criminal matters. However, it is equally incumbent upon the court to insure that no conflict of interest or apparent conflict arise among *113 any of the attorneys appearing before the court. (Cf. People v Gomberg, supra.)
This court holds that the actions are stayed for 14 days in order that the District Attorney act to resolve the conflict thus created.

. While this opinion is legally grounded in a conflict analysis, the philosophical concept of vigorous and effective prosecution is equally poignant. Due to the problems presented by the unitary prosecution of cross complaints, there is not, nor can there be, effective prosecution. Effective prosecution requires unrestricted and untrammeled access to a complainant. Effective prosecution further prohibits lingering reservations in the complaint concerning the ultimate use of confidences given the prosecutor against the complainant as defendant. Societal interests are enhanced by a perception of just but effective prosecution by the State, as against the system it replaced, vengeance by the family of the victim.

. However this court is not so empowered, rather it is a Judge of the Superior Criminal Court (County Law, ü 701.) Thus this court may only stay the action, while declaring that a conflict exists. Had this court the power a Special District Attorney would be appointed. This anomaly in the law whereby a court which disqualifies the District Attorney is not empowered to appoint the Special District Attorney is a matter for legislative attention and consideration.