■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v HARRY T. REDIKER, Defendant. MARVIN I. HONIG, as Attorney for the County of Rensselaer, Appellant; CHARLES J. WILCOX, as District Attorney for the County of Rensselaer, Respondent. — Appeal from an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered February 15, 1983, which appointed a special prosecutor for the purpose of preparing a brief and arguing the appeal on behalf of the People of the State of New York in a criminal prosecution against defendant. The facts are not in dispute. The underlying action concerns the arrest and conviction of defendant Harry Rediker for a violation of subdivision (a) of section 1163 of the Vehicle and Traffic Law, i.e., making an unsafe turn. After conviction, he was fined $15 and appealed to the County Court. When there was no answering brief filed by the People, Rediker moved to vacate the conviction. Subsequently, the Brunswick Town Attorney sought by order to show cause to have the court direct an agency of the County of Rensselaer to file a brief in response to Rediker's papers and to prosecute the appeal on behalf of the People. After a hearing, where the District Attorney denied responsibility for prosecuting the appeal and the County Attorney contended that he had no authority to handle the matter, the County Judge ordered the appointment of a special prosecutor to handle the appeal pursuant to the

provisions of section 701 of the County Law. It is from this order that the County of Rensselaer, through the County Attorney, appeals. At the outset, we note that we are concerned with an appeal of an interlocutory order in a criminal action. While defendant properly appealed his conviction to Rensselaer County Court (see CPL 450.60, subd 3), it is the county that attempts to appeal the order in question. The right to appeal is statutory and, absent specific authorization by a statute, no appeal lies (see *People v Williams,* 34 AD2d 1046, 1047, adhered to on rearg 35 AD2d 1023). The Criminal Procedure Law authorizes no such appeal. The only way such an order may be challenged is by peremptory mandamus or a CPLR article 78 proceeding (see 6 Zett, NY Crim Prac, par 53.1 [1] [a]). The county did not pursue either means and, since the action is a criminal one, we are unable to convert the instant appeal to an article 78 proceeding (see CPLR 103, subd [c]). The appeal, therefore, should be dismissed without prejudice to the county. In view of our determination, it is unnecessary to pass on the merits. Appeal dismissed, without costs. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.