■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. MANZO, Appellant. — Appeal by defendant from a judgment of the County Court, Orange County (Aldrich, J.), rendered May 22, 1981, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. On this appeal, the defendant contends, *inter alia,* that his pretrial applications to disqualify the Orange County District Attorney's office from prosecuting the action against him were erroneously denied, and that as a consequence of the denials he was coerced into pleading guilty. The law is well settled that, with few exceptions (see, e.g., CPL 710.70, subd 2), "[a] guilty plea waives all nonjurisdictional defects in a criminal proceeding" (*People v Corti,*

88 AD2d 345, 348; see *People v Sobotker,* 61 NY2d 44). Thus, "only those issues fully disclosed in the record which relate either to the exercise of jurisdiction by the court or to the voluntary and knowing nature of the plea are appealable after a plea of guilty" (*People v Thomas,* 74 AD2d 317, 319-320, affd 53 NY2d 338). The issues raised in the defendant's applications seeking disqualification of the District Attorney of Orange County do not relate to the court's jurisdiction. As such, those issues do not survive the defendant's counseled plea of guilty and are not reviewable on appeal (see *People v Corti, supra*). Moreover, the defendant's claim that his guilty plea was coerced by the erroneous denial of his applications was not properly preserved for appellate review (see *People v Pellegrino,* 60 NY2d 636). The defendant did not raise the issue in the court of first instance either by motion to vacate the judgment or to withdraw the plea prior to the imposition of sentence. Indeed, review of the transcripts of the taking of the plea and the sentencing discloses the absence of any claim by either the defendant or his counsel that the plea was coerced. Assuming that the defendant's claims had been both reviewable on appeal from the judgment of conviction and properly preserved, we would have concluded that disqualification was not required under the circumstances at bar. The pertinent facts may be briefly stated. On January 19, 1981, the Legal Aid Society of Orange County, Inc., was assigned to represent the defendant on the robbery charges in this case. At his preliminary hearing held on January 21, 1981, defendant was represented by Sheldon Diesenhouse, a part-time Legal Aid attorney. At that time Mr. Diesenhouse was also engaged in the private practice of law with one Edward Meyer, who resigned from their partnership two days after the preliminary hearing and was appointed the District Attorney of Orange County five days after he resigned from the firm. The record discloses that although Mr. Meyer and Mr. Diesenhouse were partners in the general practice of law, they each engaged in activities which were outside the scope of the partnership practice, and that they shared no confidential relationship with respect to those activities. The record also discloses that Mr. Diesenhouse did not discuss defendant's case with Mr. Meyer and that, prior to his appointment as District Attorney of Orange County, Mr. Meyer was unaware that defendant was the subject of criminal charges. Finally, Mr. Diesenhouse was at no time associated with the District Attorney's office, and his role in this matter was limited to the representation of the defendant at the preliminary hearing. In our view, the prosecution of defendant by the Orange County District Attorney's office created neither the risk of prejudice to the defense nor the appearance of impropriety (cf. *People v Shinkle,* 51 NY2d 417). We have examined defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.