OPINION OF THE COURT
Stephen G. Crane, J.
Defendant moves for the appointment of a special prosecutor pursuant to County Law § 701.
These are prosecutions for reckless driving (Vehicle and Traffic Law § 1190) and driving while haying .10 of 1% or more of alcohol in the blood (Vehicle and Traffic Law § 1192 [2]). The defendant is a first cousin of one of the Assistant District Attorneys in, this county. Originally, defendant moved in the criminal court, where these actions are pending, for the relief he seeks here. Because only a superior court is authorized to grant this application, criminal court (Gartenstein, J.), denied the *503 motion on November 20, 1984. (People v Anonymous, 126 Misc 2d 673.) Nevertheless, criminal court expressed in dictum its view that the application ought not be granted on the merits.
PROCEDURAL IMPLICATIONS
Since the prosecutions continue in the criminal court, and the cases are in this court only for the purpose of the application under County Law § 701, the question arises: Is this a special proceeding or a motion in pending litigation?
Upon the resolution of this question depends the nature of the order or judgment to be entered. If this is a special proceeding to dispose of the application, a judgment, not an order, must be entered. (CPLR 411.) This judgment would be appealable to the Appellate Division by the aggrieved party as of right. (CPLR 5701 [a] [1].) If this is a motion in pending prosecutions, the disposition ends in an order. A denial of the motion would be reviewable on appeal to the Appellate Term from any judgment of conviction. (See, e.g., People v De Freese, 71 AD2d 689.) The prosecutor could not appeal an order granting such an application. This is not one of the orders enumerated in CPL 450.20 that are appealable by the People. Consequently, an order granting the relief herein would be reviewable only by the prosecutor commencing an article 78 proceeding in the Appellate Division. (CPLR 506 [b] [1]; People v Rediker, 97 AD2d 928, citing 6 Zett, NY Crim Prac H 53.1 [1] [a].) The Legislature has not authorized a special proceeding to bring on an application to appoint a special prosecutor (see, CPLR 103 [b]). In view of the express language in County Law § 701 specifying such an appointment “by order,” the court concludes that the disposition of this application will result in an order in a criminal action. (See, People v Rediker, 97 AD2d 928, 929, supra.)
THE APPLICATION
County Law § 701 provides: “Whenever the district attorney of any county and his assistant, if he has one, shall not be in attendance at a term of any court of record, which he is by law required to attend, or is disqualified from acting in a particular case to discharge his duties at a term of any court, a superior criminal court in the county wherein the action is triable may, by order appoint some attorney at law having an office in or residing in the county *** to act as special district attorney during the absence, inability or disqualification of the district attorney and his assistant; but such appointment shall not be made for a period beyond the adjournment of the term at which made. Where, however, an appointment is required under this *504 section for a particular case because of the disqualification of the district attorney, the appointment may be made for all purposes, including disposition. The special district attorney so appointed shall possess the powers and discharge the duties of the district attorney during the period for which he shall be appointed”.
The issue presented by this motion is whether the entire staff of the District Attorney of New York County is disqualified, in the absence of a showing of prejudice, simply because one of the approximately 270 assistants, who is to be isolated from these prosecutions, is related within the fourth degree of consanguinity to the defendant (cf. Judiciary Law § 14).
The issue is unique[1] because no defendant has taken it into his head to seek recusal of the prosecutor because of a blood relationship. Perhaps, such defendants believe they may have an advantage because of this relationship or, equally likely, prosecutors consent to recusal where a close family member is a defendant.[2]
GENERAL PRINCIPLES
In resolving the core issue it is helpful to limn the landscape of general principles on which this controversy is superimposed. The American Bar Association Standards relating to the Prosecution Function Standard 3-1.2 prescribe that a prosecutor should avoid the appearance of a conflict of interest with respect to official duties. The commentary to this Standard states: “It is of the utmost importance that the prosecutor avoid participation in a case in circumstances where any implication of partiality may cast a shadow over the integrity of the office.”
Furthermore, it has often been written that a prosecutor is a quasi-judicial officer. (Matter of Schumer v Holtzman, 60 NY2d 46, 51; People v Fielding, 158 NY 542, 547; People v Kyser, 52 AD2d 1072; People v Causer, 43 AD2d 899; People v Lofton, 81 Misc 2d 572, 575.) Indeed, this judicial analogue has served as the basis, for example, of an ethical opinion respecting political activities of District Attorneys and their assistants. (State Bar Ethics Opinion No. 568, NYLJ, Mar. 14,1985, p 4, col 3 et seq.) It *505 is noteworthy that a judge is disqualified where a party is within the sixth degree of consanguinity to the judge or the judge’s spouse. (Judiciary Law § 14; 22 NYCRR 100.3 [c] [1] [iv].) It needs no judicial analogy to impose the rule that the appearance of impropriety must be avoided. (Code of Professional Responsibility Canon 9; ABA Standards Relating to the Prosecution Function, Standard 3-1.2; Code of Judicial Conduct Canon 2; 22 NYCRR 100.2.)
Frequently generating the reported cases in this area is the claimed disqualification for apparent impropriety of an attorney in one firm, unconnected with the client’s case, who affiliates with another firm representing the client’s adversary. In this context the Court of Appeals has said: “[I]t is no answer that the lawyer did not in fact obtain any confidential information in connection with the first employment, or even that it was only other members of his firm who rendered the services to the client. Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client’s former attorney.” (Cardinale v Golinello, 43 NY2d 288, 295-296; see also, Greene v Greene, 47 NY2d 447.) A presumption exists in such situations that information including client confidences is shared among attorneys in the same firm, and clients are entitled to be free from any anxiety that these will be shared with an adversary. (Hades and Cabinet, The Ethics of Disqualifying Attorneys for Strategic Reasons, NYLJ, Apr. 18, 1985, p 1, col 3; p 17, col 2.)
EFFECT OF FAMILY RELATIONSHIP
In the cases at bar, the District Attorney has reassigned the prosecution to a trial bureau where defendant’s cousin is not affiliated. The unrelated assistant in charge of these prosecutions is, assumedly, removed from any contact with the defendant’s cousin. The People argue that these measures assure “that defendant will suffer no prejudice to his constitutional and statutory rights in the prosecution of this case.” This stance borders on the cynical and in no way meets the genuine concerns that the District Attorney must have to avoid impropriety or its appearance. On the contrary, the District Attorney manifests sensitivity to the appearances in these cases by having taken steps to isolate defendant’s cousin from any knowledge, contact or involvement in this prosecution.
Of course, these measures do not suffice if the blood relationship, per se, requires disqualification. This court concludes that a proximate blood relationship between a defendant *506 and one of any number of Assistant District Attorneys — no matter how isolated this assistant may be from the defendant’s case and regardless of any articulation of prejudice to the defendant — mandates disqualification of the prosecutor. The very relationship is inherently prejudicial. The defendant may never be assured that family intimacies and confidences or his own reputation among his relatives, which would never otherwise come to the attention of the police or the District Attorney, will not somehow be used against him. For example, if defendant has a weakness for drink, it is well imaginable that this will be known among his close family members. Who is to say that such a fact in the hands of a skillful Assistant District Attorney would not improve the People’s case against a defendant for driving while having more than a .10 of 1% of alcohol in the blood, or driving while intoxicated? (Vehicle and Traffic Law § 1192 [2], [3]; § 1196.) Indeed, regardless of these family considerations, the defendant is entitled to be free of any anxiety that he and his cases are being treated differently. And, the District Attorney already admits that he is treating defendant in a special manner.
This may be perceived by some as a more lenient or favored treatment than defendants are usually accorded. The defendant may reasonably fear that because of his blood relationship the prosecutor will “lean over backwards” to avoid any appearance of partiality toward him. Regardless of the policy of the office in drunk driving cases, the improper appearances will exist from the stage of the initial charge through the pretrial, plea negotiation, trial and, if it comes to this, the sentence phase of these prosecutions.[3]
SUFFICIENCY OF APPEARANCE OP IMPROPRIETY
Assume, for the sake of analysis, that the foregoing amounts to no more than an appearance of impropriety. Defendant, indeed, makes no showing of any prejudice. The issue in this matter boils down to whether the appearance of impropriety without a showing of prejudice warrants the disqualification of the District Attorney and the appointment of a special prosecutor. The criminal court judge, in dictum in this case (People v *507 Anonymous, 126 Misc 2d 673, 677, supra), embraced the argument of the District Attorney that “actual cause as opposed to an appearance of impropriety is the minimum threshold necessary for court intervention.” The argument is supported by the numerous authorities cited; but, it is not the law.
The Court of Appeals has overruled sub silentio the authorities on which the prosecutor relies. In People v Shinkle (51 NY2d 417), the court established that the simple appearance of impropriety suffices to disqualify the entire office of the District Attorney. In that case, Edward Leopold, the executive director of the Legal Aid Society in Sullivan County, became Chief Assistant District Attorney of that county. The switch occurred while the prosecution was pending. The District Attorney took elaborate steps to isolate Leopold from involvement in any case pending while the defendant had been represented by the Legal Aid Society during Leopold’s affiliation with it. The court, per Jones, J., held that the appearance of impropriety was enough to disqualify the District Attorney. Judge Jasen dissented on the ground that the defendant should be required to show prejudice or raise a question of the integrity of the office of the District Attorney.
In reaching its conclusion in Shinkle, the majority cited approvingly the dissenting opinion of Hopkins, J., in People v De Freese (71 AD2d 689, 690, supra). There, the court, in the absence of actual prejudice, found no need for the appointment of a special prosecutor. On the other hand, Justice Hopkins distinguished cases requiring a showing of actual prejudice.[4] Furthermore, Hopkins, J., attached no significance to the insulation of the former defense attorney from the prosecution of defendant’s case.
The majority in Shinkle paid no heed to authorities urged by the District Attorney: People v De Freese (71 AD2d 689, supra;) People v Loewinger (37 AD2d 675, affd on other grounds 30 NY2d 587); People v Cruz (55 AD2d 921); Matter of Fox v Shapiro (84 Misc 2d 223). These cases hold that a defendant seeking to disqualify a prosecutor must show actual prejudice. This is the line of authority the District Attorney urges upon this court to deny this motion. By contrast, the majority in Shinkle, in addition to its citation of the dissent of Hopkins, J., in De Freese *508 (supra), drew support from Greene v Greene (supra), Cardinale v Golinello (supra), and People v Zimmer (51 NY2d 390).[5]
Whether the circumstances are termed “appearance of impropriety” or “reasonable potential for prejudice,” law and policy ought to err, if at all, in favor of disqualification in order to protect the administration of justice from the slightest aura of disrepute. Thus, it was appropriate in People v Schrager (74 Misc 2d 833), that the prosecutor be disqualified in a case where a former Assistant District Attorney was the defendant. Likewise, where the District Attorney was the victim of defendant’s criminal act, someone else should prosecute. (People v Krstovich, 72 Misc 2d 90; see also, People v Cassidy, 118 Misc 2d 110 [finding inherent conflict in the prosecution of cross complaints].) It is apparent that the actual prejudice rule is no longer the law. Rather, the appearance of impropriety inherent in the blood relationship at bar requires disqualification. People v Shinkle also makes clear that the prosecutor’s attempt to distance from the defendant’s cases the assistant having the blood relationship or otherwise to isolate him is insufficient to overcome the impropriety inherent in the circumstances. (Compare, People v Shinkle, supra, with People v Cruz, 55 AD2d 921, supra, and Matter of Fox v Shapiro, 84 Misc 2d 223, supra; but cf. People v Jackson, 60 NY2d 848; People v Manzo, 99 AD2d 817; and Lopez v Precision Papers, 99 AD2d 507.) The authority of People v Shinkle is undiminished by the passing dictum of Simons, J., in Matter of Schumer v Holtzman (60 NY2d 46, 55). In that case the court held that the District Attorney herself had no power to appoint a special prosecutor to investigate a political rival. In view of that holding, the vitality of Shinkle is hardly undermined by the statement that “the appearance of impropriety, standing alone, might not be grounds for disqualification.” (Emphasis added.) Whatever may be the significance of the possibility of actual prejudice in another case (People v Manzo, supra), the inherent impropriety of prosecuting one’s own first cousin would weaken the appearance of fairness on which our system of justice is grounded. In view of the treatment by People v Shinkle (supra) of isolating the Assistant District Attorney who bears the suspect relationship, this appearance of impropriety remains unabated.
DISPOSITION
Consequently, the application pursuant to County Law § 701 should be granted. The court appoints Hon. Frank Brenner, *509 whose office is located at 225 Broadway in the City and County of New York, for all purposes to prosecute these actions in the place of the District Attorney of New York County and all of his Assistant District Attorneys.

. Research has uncovered no Federal, sister-State or New York case directly on point. An Annotation, Disqualification of Prosecuting Attorney on Account of Relationship with Accused in 31 ALR3d 953, presents a tantalizing subtitle Personal, political, or blood relationships (id.., at § 8, p 978). Alas, it reports not a single instance of a blood relation.

. There is no criticism of the District Attorney implied in the textual speculation. The issue is novel and unsettled. In the circumstances presented at bar of a large prosecutor’s office taking steps to isolate the defendant’s cousin, reasonable minds are to be expected to differ over the resolution of the question. (See, People v Anonymous, 126 Misc 2d 673.)

. For the judicial analogy, see, People v Graydon (59 Misc 2d 330, 331 [Pittoni, J.]): “[T]here must be an appearance that justice is being properly dispensed; both defendant and the public must feel that defendant is getting a fair, unbiased, unprejudiced trial; and it is to the interest of the People of the State that no defendant be improperly convicted or acquitted because a Judge or jury unintentionally bends backward against one or the other.” (See also, Matter of Johnson v Hornblass, 93 AD2d 732, 733.)

. Among the authorities Hopkins, J., distinguished was People v Wilkins (28 NY2d 53). In that case, where a former Public Defender switched to the staff of the District Attorney, the court required a showing of prejudice before disqualification. Note that the opinion was authored by Judge Jasen, the dissenter on this very point in People v Shinkle (51 NY2d 417).

. In that case, the court held sufficient a reasonable potential for prejudice, in favor of or against a defendant, where the prosecutor had been a stockholder and counsel to the corporation in the management of which defendant was alleged to have committed the crimes charged.