■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH KEETON, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of assault in the first degree, defendant's sole contention is that he was prejudiced by the District Attorney's alleged conflict of interest in prosecuting cross complaints for assault. We conclude that the court properly denied defendant's motion for appointment of a special prosecutor.

Defendant and his brother Ben Keeton were jointly tried and convicted for assaulting Thomas Pearson. The charges arose out of a fight involving the Keetons against Thomas and James Pearson. In addition to the indictment against the Keetons, James Pearson was indicted for assault on Ben Keeton. The Keeton indictment was tried first. No one was charged with the assault on defendant.

In these circumstances, there is no conflict resulting from the District Attorney's prosecution of cross complaints of assault. Defendant and his brother were tried first; thus the prosecutor did not derive an unfair advantage as a result of putting defendant on the stand to testify as a complainant in

a prior prosecution *(see, People v Cassidy,* 118 Misc 2d 110, 111-112; *cf., People v Vial,* 132 Misc 2d 5, 10). The prosecutor apparently did not interview defendant in connection with the related prosecution of James Pearson and therefore there was no abuse of confidence *(see, People v Cassidy, supra,* at 112). Because defendant is not a complainant in an assault prosecution arising out of the same incident, the concerns raised by defendant in his motion for appointment of a special prosecutor are not present. In any event, the District Attorney assured the court that he would not call either defendant or his brother in prosecuting James Pearson. Finally, there is no danger that the threat of subsequent prosecution exerted pressure on anyone to testify adversely to defendant. Thomas Pearson, who testified against defendant, was not charged in this incident; the target of the subsequent prosecution, James Pearson, did not testify against defendant. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—assault, first degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.