OPINION OF THE COURT
Albert A. Alteri, J.
*671 Defendant was arrested on April 3, 2000 and charged with a violation of section 240.26 (1) of the Penal Law, harassment.
The facts of the case are allegedly as follows: on that date at approximately 11:45 a.m. at the Utica City Courthouse, 411 Oriskany Street West, Utica, New York, the defendant did knowingly and intentionally strike the complainant, Christopher P. Jones, and subject him to physical contact by punching him on the left side of his face. On arraignment the defendant denied the allegations.
The defendant is a bail bondsman who covers Utica City Court and who at the time of the incident was conferring with a person who had requested a $3,000 bond. While conversing with that individual defendant got into an argument with the complainant, Jones, resulting in an exchange of words between the two and the defendant allegedly punching the complainant in the face. A witness to the incident, among others, was Bernard L. Hyman, Jr., an Oneida County Assistant District Attorney, who signed a supporting deposition attached to the complaint which appears to support the position of the defendant.
The court is now faced with three issues: (1) are the facts of the case sufficient to warrant the appointment of a Special District Attorney to prosecute the case in view of an Assistant District Attorney being a possible witness to the incident; (2) whether a violation, not being a crime, is sufficient for an appointment of a Special District Attorney; and (3) whether the court can declare a conflict and request the appointment of a Special District Attorney on its owfl motion.
This is a case of first impression in New York State on those issues.
The authority for the appointment of a Special District Attorney is set forth in section 701 of the County Law. That section does not restrict appointment of a Special District Attorney to any specific court nor does it suggest that a local criminal court lacks jurisdiction to determine whether a District Attorney should be disqualified from prosecuting a case pending in that court. (People v Nelson, 167 Misc 2d 665.) To the contrary, that section specifically allows for the disqualification of a District Attorney from performing his or her duties at a term “of any court” (County Law § 701 [1]), sufficient reason being present.
The first question to be answered is whether there are sufficient facts present in this case to disqualify the Office of the *672 Oneida County District Attorney from prosecuting this defendant. Where a member of the District Attorney’s Office is a material witness to an investigation, to then allow that Office to prosecute the matter would give at the very least an appearance of impropriety which cannot be disregarded. (See also, Matter of Schumer v Holtzman, 94 AD2d 516; People v Gallagher, 143 AD2d 929; People v Cruz, 55 AD2d 921; People v Nuzzi, 128 Misc 2d 502; Matter of Kelley, 83 Misc 2d 776.) Public confidence demands that there be no conflict of interest or appearance of a conflict. (People v Schrager, 74 Misc 2d 833.) Here, where one of the eyewitnesses to the incident was an Assistant District Attorney, who is assigned to Utica City Court, and where that person’s testimony seems to be more favorable to the defendant, it appears that it would be difficult for other members of his office to vigorously cross-examine that witness to properly prosecute this case. The appearance of a possible conflict is obviously present. (See, NY Const, art XIII, § 13, cl [b]; County Law § 700.) In its capacity as the exclusive prosecutorial office of criminal matters, a substantial risk of loss of public confidence is ominous. (People v Gallagher, supra; Matter of Schumer v Holtzman, supra; see also, People v Wyatt, 140 Misc 2d 69.) It is the opinion of the court, therefore, that sufficient facts appear to warrant disqualification of the Oneida County District Attorneys Office from prosecuting this case.
The next question to be resolved is whether a violation, harassment in the second degree, section 240.26 (1) of the Penal Law, as opposed to a misdemeanor or felony, is a proper basis to which a District Attorney may be disqualified.
Referring back to County Law § 701, a District Attorney may be disqualified “in a particular case,” without apparent restriction of any type of case. It is obvious, therefore, that the Legislature, in the enactment of this section, did not intend that a District Attorney may be disqualified in only the more serious cases, but in any case. Otherwise, such restriction would have been included at its inception, or any amendment thereof. (See also, Board of Supervisors v Aulisi, 62 AD2d 644, affd 46 NY2d 731; Matter of Schumer v Holtzman, supra.) It appears therefore, that a special District Attorney may be called for in any case brought under the Penal Law of the State of New York.
The last question to be resolved is whether the court can, on its own motion, disqualify a District Attorney from prosecuting a case. Again, referring back to County Law § 701, the section is silent as to who may move to have a District Attorney dis *673 qualified. Here, one of the key witnesses to the incident, albeit not the only witness, is an Oneida County Assistant District Attorney. Unquestionably, he will be a star witness for the defense. Therefore, it is reasonable that defense counsel will not move to disqualify the Oneida County District Attorney’s Office from prosecuting this case in that the possibility exists that the District Attorney assigned to the case will not forcefully cross-examine such witness, or at least there may be the appearance thereof. It is also apparent that the Oneida County District Attorney will not move to disqualify himself from the prosecution of this case in that they refuse to believe that the case cannot be vigorously prosecuted. Actually, both parties have refused to bring such a motion although sufficient opportunity has been given to them to do so and, further, both parties were allowed to argue their positions before this court following arraignment of the defendant and indicated they would not bring such a motion.
It is incumbent upon a Trial Judge, although not mandatory, to assure that all parties to a dispute are properly represented, be it criminal or civil. To that end, administrative policies have been established by the Office of Court Administration regarding fair treatment standards for crime victims. (Rules of Chief Administrator of Cts [22 NYCRR] part 129.) A court may intervene to disqualify an attorney only under limited circumstances. (Matter of Schumer v Holtzman, supra.) A lawyer should avoid even the appearance of professional impropriety. (Code of Professional Responsibility Canon 9.) Here the appearance of impropriety is quite apparent in that the District Attorney may not forcefully pursue prosecution of this case due to its own Assistant District Attorney being the possible main witness for the defense. The possibility of complainant’s consternation in such event must be taken into consideration and in this instance necessitates disqualification.
Therefore, the Oneida County District Attorney is disqualified from further prosecution of this case and request is hereby made to the Oneida County Court for appointment of a Special District Attorney for that purpose.