ANNE ASCHER, Respondent, v. ARTHUR ASCHER, Appellant.— On the court's own motion, its decision and order, both dated October 17, 1972 [40 A D 2d 764] are amended by adding thereto the following: "Plaintiff is directed to place this case on the trial calendar forthwith. The trial is directed to be held on October 30, 1972." Rabin, P. J., Munder, Latham, Shapiro and Christ, JJ., concur.

## (October 26, 1972)

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JOSEPH FERDINANDO, Defendant.— In March, 1972 defendant was indicted in Queens County on seven indictments charging 35 counts of grand larceny, 33 in the second degree and two in the third degree. Thereafter, defendant moved for a change of venue and for removal of the District Attorney of Queens County as prosecutor of the indictments and appointment of the Attorney-General to prosecute the indictments. On September 28, 1972 defendant's motion was granted to the extent of transferring the trial of the indictments to the Supreme Court, Nassau County. The balance of the motion was denied on the ground that this court was without power to grant it. Defendant now moves for reargument so that (a) the venue be changed to a county within the City of New York; (b) the District Attorney of Queens County be removed as prosecutor and the matter referred to the Special Attorney-General designated pursuant to the Governor's Executive Order No. 57, dated September 19, 1972. Motion for reargument denied. It is not claimed that the indictments against defendant come within the aforesaid executive order. No reason appears for a further change of venue. Defendant has not demonstrated reasonable cause to believe that a fair and impartial trial cannot be had in Nassau County. This court is without power to supersede a duly elected District Attorney or to transfer a matter to the Attorney-General. That power resides solely in the Governor (N. Y. Const., art. IV, § 3; Executive Law, § 63, subd. 2; *Matter of Turecamo Contr. Co.*, 260 App. Div. 253). Subdivision 2 of section 90 of the Judiciary Law, relied on by the movant, is inapplicable. Even where it is shown that a District Attorney is disqualified from acting in a particular case, it is the trial court and not this court which is empowered to appoint a Special District Attorney (County Law, § 701). Hopkins, Acting P. J., Munder, Shapiro, Gulotta and Benjamin, JJ., concur.