Harold Birns, J.
Plaintiff, a resident and taxpayer of the State of New York and County of Suffolk, has commenced this action to declare illegal the appointment of Joseph P. Hoey, Esquire, as Special Prosecutor (Special Deputy Attorney-General) and to enjoin the funding of said position as wasteful and illegal. Mr. Hoey, on September 16, 1975, was designated as Special Prosecutor by the Attorney-General of this State, Honorable Louis J. Lefkowitz, at the direction of the Governor of this State, Honorable Hugh L. Carey, pursuant to Executive Order No. 14 issued September 12, 1975 (9 NYCRR 3.14).
*728 Plaintiff alleges the Governor had no authority to "make” such appointment. He further contends a State Supreme Court Justice has authority in certain circumstances under section 701 of the County Law, to appoint a Special District Attorney, that a Justice of the State Supreme Court for Suffolk County had made such an appointment in this matter on September 3, 1975 at the request of defendant Henry F. O’Brien, Suffolk County District Attorney, and such an appointment having been made, the Governor was thereafter barred from appointing Joseph P. Hoey, Esq. as Special Prosecutor.
Defendants now move, pursuant to CPLR 3211 (subd [a], par 7), to dismiss the complaint for failure to state a cause of action upon which relief may be granted.
Plaintiff’s standing to institute this action is not challenged (State Finance Law, § 123 et seq.). Section 3 of article IV of the New York State Constitution and subdivision 2 of section 63 of the Executive Law, separately and jointly, authorize the Governor to direct the Attorney-General to appoint a Special Prosecutor to supersede a local District Attorney when the Governor believes such action is warranted. (People v Ferdinando, 40 AD2d 714; Matter of Turacamo Contr. Co., 260 App Div 253; Matter of Cranford Material Corp., 174 Misc 154.)
Section 701 of the County Law specifies the circumstances under which a superior criminal court, i.e., a Justice of the Supreme Court, may appoint a Special District Attorney. However, where the Governor under his constitutional authority has made an appointment of a Special Prosecutor, the appointment of a Special District Attorney under said section 701 of the County Law must give way. This conclusion is mandated by a consideration of the Governor’s constitutional and statutory responsibility (NY Const, art IV, § 3; Executive Law, § 63, subd 2; cf. Matter of Turacamo Contr. Co., supra.; Matter of Cranford Material Corp., supra).
Section 13 of article XIII of the New York State Constitution, cited by plaintiff in support of his position, is inapposite. Said section refers to removal of a District Attorney by the Governor. Here, the Suffolk County District Attorney has been superseded for a particular purpose and at his own request. He has not been removed. Superseding and removal are totally different. (For a general discussion of this problem, see Pitler, Superseding District Attorneys in New York City— *729 Constitutionality and Legality of Executive Order No. 55, 41 Ford L Rev 517.)
The court finds the Governor’s appointment of Joseph P. Hoey, Esq. to the post of Suffolk County Special Prosecutor was lawfully made and that there is no basis for the assertion the required funding for the office of the Special Prosecutor was wasteful and illegal.
Accordingly, defendants’ motion is granted and the complaint dismissed.