■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN GALLAGHER and ALBERT SINRAM, Respondents.—Appeal by the People from so much of an order of the Supreme Court, Suffolk County (Rohl, J.), dated July 6, 1988, as, upon the separate motions of the defendants to dismiss the indictment, declared the appointment of Special District Attorney Stephen P. Scaring null and void and dismissed the indictment.

Ordered that the order is reversed, on the law and the facts, the defendants' motions to dismiss the indictment are denied, the indictment is reinstated and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

The defendant Gallagher, the former Chief of Detectives of the Suffolk County Police Department, was indicted for offering a false instrument for filing in the first degree, tampering with physical evidence, conspiracy in the fifth degree and official misconduct. The codefendant Sinram, a police officer assigned to the Suffolk County Police Narcotics Squad, was indicted on the official misconduct count only. The indictment alleged that Gallagher and Sinram had approved a Police Department "2042" report in which Timothy Gallagher, the defendant Gallagher's son, was falsely described as a confidential informant and which falsely reported the activities that he allegedly performed in that role. The indictment charged that the younger Gallagher had not been a confidential informant and that the report had been filed with the intent that it would be used in a criminal proceeding against Gallagher's son, who had been arrested for the sale of a controlled substance, and would result in a reduction in the charge and a recommendation for leniency.

Following the disposition of the criminal case against Timothy Gallagher, in which he pleaded guilty to criminal possession of a controlled substance in the seventh degree and was sentenced to a three-year term of probation and a fine of $500, the Temporary Commission of Investigation of the State of New York (hereinafter the Commission), which had been investigating allegations of misconduct and deficient administration involving Suffolk County law enforcement officials, examined the charges with respect to the Gallagher matter and, thereafter, the Suffolk County District Attorney applied, pursuant to County Law § 701, for an order appointing a Special District Attorney to investigate and prosecute the case. The affidavit submitted in support of the District Attorney's application stated that members of the District Attorney's office, including the District Attorney himself, were material witnesses in the matter. The Supreme Court granted the application, disqualified the District Attorney and his assistants from taking any further action with respect to the investigation and prosecution of possible charges against Suffolk County law enforcement officials or personnel in connection with the prosecution and ultimate disposition of the Gallagher case and any related matters, and appointed Har-

vey Arnoff as a Special District Attorney to investigate and prosecute any charges.

Following Arnoff's appointment, the Chairman of the Commission, David Trager, wrote to Justice Stark to inform him that despite a commitment by the Suffolk County District Attorney's office to inform the Commission in advance of any application for the appointment of a Special District Attorney, the application resulting in Arnoff's appointment had been made without notice to the Commission and that, as a result, the Commission had been precluded from expressing an opinion with respect thereto. Trager then expressed his disapproval of the appointment of Arnoff, citing his purported lack of prosecutorial experience and his decision to hire a detective assigned to the Suffolk County District Attorney's office, the very office whose conduct was involved in the allegation. Accordingly, he urged Justice Stark to reconsider the Arnoff appointment.

Justice Stark thereafter vacated and revoked Arnoff's appointment, stating that after he had appointed Arnoff, it became evident that Arnoff did "not enjoy the confidence of the State Commission of Investigation" and that the investigation and prosecution of the Gallagher matter required the cooperation of the Commission since much of the evidence had been obtained by the Commission during its own investigation. The District Attorney thereupon reapplied for the appointment of a Special District Attorney and Justice Stark appointed Stephen P. Scaring, who subsequently presented the evidence to the Grand Jury which resulted in the indictment of the defendants herein.

Thereafter, the defendants moved to dismiss the indictment, arguing, *inter alia,* that Arnoff had been unlawfully removed and that the subsequent appointment of Scaring and his presentation of the case to the Grand Jury which had resulted in their indictment had impaired the integrity of the Grand Jury. The Supreme Court (Rohl, J.) agreed and dismissed the indictment.

At the outset, we would indicate that we are in agreement with the Supreme Court's determination that the Suffolk County District Attorney was properly disqualified from prosecuting this case *(see,* County Law § 701). Since the United States Attorney's office, the Federal Bureau of Investigation and the Commission had all investigated the matter involving the defendant Gallagher's son and had concluded that members of the District Attorney's office were material witnesses and possibly targets of the probe, disqualification of that office

was necessary to protect the Commission and the public interest from "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" *(Matter of Schumer v Holtzman,* 60 NY2d 46, 55; *People v Zimmer,* 51 NY2d 390; *People v Frye,* 129 AD2d 985).

The Supreme Court's conclusion, however, that Arnoff's removal was improper and required the dismissal of the indictment was error. Constitutional and statutory authority are silent as to the grounds for removal of a Special District Attorney but since a Special District Attorney appointed pursuant to County Law § 701 supersedes the District Attorney and possesses all the powers of the office during the term of his appointment *(Matter of Schumer v Holtzman, supra),* we consider it appropriate to look to the rules applicable to disqualify a District Attorney to determine whether Special District Attorney Arnoff was lawfully removed from office.

We find that, upon the record in the case, a proper basis existed for Arnoff's disqualification. The appointment of Arnoff as Special District Attorney was made pursuant to court order, as was his subsequent removal. Contrary to the defendants' contention, an objective basis existed for Justice Stark's decision to remove Arnoff, separate and distinct from Trager's request. Arnoff's decision to appoint a detective from the same office that he would be investigating created the same conflict of interest which had precipitated the initial disqualification of the Suffolk County District Attorney. Moreover, the media provided widespread coverage of the feud between Arnoff and the Commission which ran the further risk of jeopardizing the public's confidence in the investigation. Under the circumstances Justice Stark's removal of Arnoff was as necessary to protect the public interest from "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" *(Matter of Schumer v Holtzman, supra,* at 55), as was the disqualification of the Suffolk County District Attorney in the first place. Nor can it be said that the gravity of the potential for prejudice lessened because it might cut either or both ways, against a defendant or against the People *(People v Zimmer, supra).*

Similarly, neither Trager's letter to Justice Stark nor Justice Stark's subsequent removal of Arnoff violated the separation of powers doctrine *(see, Morrison v Olson,* 487 US —, 108 S Ct 2597). The expression of a preference for a Special District Attorney by the Commission did not impermissibly interfere with the judicial function. The defendants have failed to substantiate their allegation that Justice Stark "un-

questionably presumed to exercise administrative and supervisory functions over the role of the Special District Attorney by assuming the duty of *terminating* his investigation without any determination of disqualification". Justice Stark neither administered nor supervised the investigation conducted by the Special District Attorney nor did he "terminate" the investigation. Rather, he disqualified one nonelected official whom he had appointed and appointed another in his place and stead who could, in his judgment, more effectively carry out the functions of that office.

Under the circumstances, we conclude that Scaring was properly appointed as a Special District Attorney pursuant to County Law § 701. Since he was not an "unauthorized person" as defined by CPL 190.25 (3), the integrity of the Grand Jury was not impaired (*cf., People v Di Falco*, 44 NY2d 482). The dismissal of the indictment was, therefore, improper (CPL 210.20 [1] [c]; 210.35 [5]).

We have considered the remaining contentions of the parties and find that they are either unpreserved for appellate review or without merit. We would note, however, that the record fails to substantiate a number of the Supreme Court's gratuitous comments, not the least of which is its suggestion that the members of the Commission consider themselves above the law that they are sworn to uphold. Brown, J. P., Kunzeman, Rubin and Eiber, JJ., concur. *[See,* 140 Misc 2d 281.]