OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. Defendant, Keith Keeton, and his brother, Ben, engaged in a street fight with brothers Thomas and James Pearson, resulting in the hospitalization of both Keetons and Thomas Pearson, as well as the death of a bystander. Each set of
 
 *904
 
 brothers described the other as the aggressor, and each claimed to have acted in self-defense. The Keetons were charged with (and acquitted of) the bystander’s murder as well as assault upon Thomas Pearson. James Pearson was charged with assault upon Ben Keeton; no charges were filed as the result of defendant’s injury. After he was indicted, defendant unsuccessfully requested the appointment of a special prosecutor, maintaining that because defendant was witness to his brother’s assault by James Pearson, the District Attorney should be disqualified from simultaneously prosecuting him. Defendant’s sole contention on appeal from his assault conviction is that the trial court committed reversible error by denying his request.
 

 As a general rule, courts "should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence.”
 
 (Matter of Schumer v Holtzman,
 
 60 NY2d 46, 55.) An appearance of impropriety alone might not be grounds for disqualification.
 
 (Id.)
 
 Here, defendant has failed to demonstrate that the District Attorney’s simultaneous prosecutions actually prejudiced him.
 

 In that defendant was not a witness in the Pearson prosecution, as was assured in advance that he would not be, we need not consider whether there is any merit in his contention that his role as a witness created an impermissible conflict for the District Attorney. No abuse of confidence is claimed. As the Appellate Division observed, "there is no danger that the threat of subsequent prosecution exerted pressure on anyone to testify adversely to defendant. Thomas Pearson, who testified against defendant, was not charged in this incident; the target of the subsequent prosecution, James Pearson, did not testify against defendant.” (144 AD2d 1008, 1009.)
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.