*987 OPINION OF THE COURT
David Goldstein, J.
This is a motion to disqualify the District Attorney, pursuant to County Law § 701, as the result of an alleged conflict of interest by one of his employees, who is not an attorney, and for the appointment of a special prosecutor.
Defendant was indicted, inter alla, for attempted murder in the second degree and three counts of assault in the first degree, arising out of the beating of his grandfather with a hammer and a nightstick, before and after he had pushed complainant down a flight of stairs and, after which, he dragged him down another flight, beat him again and took his wallet.
In moving for the appointment of a special prosecutor, defendant points to the fact that his mother, who is also the victim’s daughter, is a secretary to one of the supervising assistants within the Queens County District Attorney’s office, and that this could pose a conflict of interest, sufficient to permit the appointment of a special prosecutor.
Although not addressed in the papers submitted on the motion, the court has been advised that, after the motion was made but before the return date, defendant’s mother interceded in an effort to convince her son to agree to disposition by a plea which would carry with it a sentence of imprisonment of 2 to 6 years. The physical condition of the grandfather is such that his approval cannot be secured. In any event, notwithstanding defendant’s willingness to proceed along those lines, as a result of the severity of the victim’s condition and the brutal nature of the attack, the District Attorney has refused to offer a plea which includes a term of imprisonment of less than 4 to 12 years.
The issue raised on this motion is whether sufficient has been shown, through the position and conduct of defendant’s mother, to require the disqualification of the District Attorney and the appointment of a special prosecutor?
The statutory authority to supersede and replace a public prosecutor is contained in County Law § 701, which provides in part as follows:
"1. Whenever the district attorney of any county and such assistants as he or she may have * * * are disqualified from acting in a particular case to discharge his or her duties at a term of any court, a superior criminal court in the county wherein the action is triable may, by order:
*988 "(a) appoint some attorney at law having an office in or residing in the county, or any adjoining county, to act as special district attorney during the absence, inability or disqualification of the district attorney and such assistants as he or she may have; or
"(b) appoint a district attorney of any other county within the judicial department or of any county adjoining the county wherein the action is triable to act as special district attorney, provided such district attorney agrees to accept appointment by such criminal court during such absence, inability or disqualification of the district attorney and such assistants as he or she may have.”
In terms of disqualification of a prosecutor, it is generally recognized that such relief will not be granted unless it is necessary to protect a defendant from actual prejudice arising from a conflict of interest or a substantial risk of an abuse of confidence. A mere appearance of impropriety, standing alone, is insufficient. The operative standard is set forth in Matter of Schumer v Holtzman (60 NY2d 46, 55) as follows: "The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence (e.g., People v Zimmer, 51 NY2d 390, supra; People v Shinkle, 51 NY2d 417, 421) and the appearance of impropriety, standing alone, might not be grounds for disqualification. The objector should demonstrate actual prejudice or so substantial a risk thereof as could not be ignored.”
In Schumer (supra), notwithstanding the personal and political differences between petitioner and the District Attorney, the Court of Appeals found disqualification to be inappropriate at that time since no actual prejudice was shown. As a result, it concluded that the application was premature since the District Attorney’s concern that she might be accused of a personal vendetta vis-á-vis petitioner was insufficient to create a justiciable controversy.
People v Zimmer (51 NY2d 390) and People v Shinkle (51 NY2d 417), cited and relied upon in Schumer (supra), similarly hold that, before disqualification may be directed, there must be an actual conflict or a substantial risk of an abuse of confidence, not a mere appearance of impropriéty. In Zimmer (supra), the District Attorney who presented the case to the Grand Jury was, at that time, counsel to and stockholder of a corporation which was managed by defendant when he com *989 mitted the crimes at issue in that case, a clear conflict which the court felt would undermine the air of impartiality that should surround judicial proceedings. In Shinkle (supra), defendant was represented by an attorney who had been an executive director of the Legal Aid Society and was now Chief Assistant District Attorney for Sullivan County. That the same attorney had initially represented defendant, actively participating in his defense, and was now a Chief Assistant with the office which was prosecuting him on the very same charges, was a clear conflict, with a real danger of abuse of confidence. On this basis, the court found that, notwithstanding the absence of tangible evidence of actual prejudice, the "inherent impropriety of the situation”, the need to protect the public and the defendant and "the risk of prejudice attendant on abuse of confidence” warranted the appointment of a special prosecutor. (Supra, at 421.)
People v Keeton (74 NY2d 903) is the most recent expression of opinion by the Court of Appeals. The case involved simultaneous homicide and assault prosecutions by the same District Attorney against two sets of cross complainants, each of whom claimed to be acting in self-defense and accused the other of being the aggressor. Finding that there had been no proof of actual prejudice, the court denied disqualification and held: "As a general rule, courts 'should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence.’ (Matter of Schumer v Holtzman, 60 NY2d 46, 55.) An appearance of impropriety alone might not be grounds for disqualification. (Id.) Here, defendant has failed to demonstrate that the District Attorney’s simultaneous prosecutions actually prejudiced him.” (Supra, at 904.)
Applying the same standard, in People v Gallagher (143 AD2d 929), the Appellate Division, Second Department, inter alia, affirmed the disqualification of the Suffolk County District Attorney since staff members would be material witnesses or possible targets of a Grand Jury probe. On another ground, it also directed the removal of a special prosecutor who had been appointed, finding such was necessary to protect the public interest from " 'actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence’ ” (supra, at 932).
In Matter of Morgenthau v Crane (113 AD2d 20), the Appellate Division, First Department, granted prohibition, denied disqualification of the Manhattan District Attorney and va *990 coted the appointment of a special prosecutor, holding that the fact that defendant was a first cousin of one of the Assistant District Attorneys did not require removal of the entire prosecutor’s office. In so deciding, the court noted that an objector must show actual prejudice, or a substantial risk of such, and rejected the suggestion that a mere appearance of impropriety would be enough to mandate disqualification.
Where a District Attorney, in terms of the exercise of discretion, elects not to proceed in a particular fashion, for example, a decision not to appeal, such a determination does not give rise to a cognizable ground to seek disqualification and the appointment of a special prosecutor (Matter of Murphy v Dwyer, 101 AD2d 376). On the other hand, where a prosecutor, on his own, decides that the circumstances warrant disqualification, he may initiate judicial action for such relief. (See, People v Schrager, 74 Misc 2d 833 [where there was a prior personal relationship between defendant and the District Attorney]; see also, People v Vial, 132 Misc 2d 5, 9-10.) In any event, the removal of a prosecutor and the appointment of a special prosecutor is peculiarly a judicial function, which, by statute (County Law § 701), is relegated to the trial court and may not be addressed in the first instance by an appellate court (see, People v Ferdinando, 40 AD2d 714). And, where a special prosecutor is appointed, the appointment is for all purposes and continues until his discharge by appropriate court order (People v Sadler, 149 AD2d 986, 987).
From a review of the reported decisions, the operative standard in terms of disqualification and appointment of a special prosecutor provides for application of a two-pronged test. Removal of a public prosecutor will be directed only where there is either "actual prejudice arising from a demonstrated conflict of interest” or "a substantial risk of an abuse of confidence.” (Matter of Schumer v Holtzman, supra, at 55; People v Keeton, supra, at 904; Matter of Morgenthau v Crane, supra, at 21.) Schumer, Keeton and Morgenthau, all relate to the issue of whether there is "actual prejudice” arising from a conflict of interest, whereas the facts in Zimmer (supra), Shinkle (supra) and Gallagher (supra, at 932), concern the question of whether there is " 'a substantial risk of an abuse of confidence’ ”.
Applying these principles here, there is no basis for disqualification in this case. The speculation by defense counsel as to a potential conflict is insufficient for this purpose (see, People v Keeton, supra; Matter of Schumer v Holtzman, supra). Nor *991 may removal and replacement with a special prosecutor proceed upon a showing that there may be an appearance of impropriety. Under the reported decisions, disqualification requires far more definitive proof than that. Here, the moving papers are devoid of any factual showing to even warrant a further inquiry on the issue. Moreover, there is neither proof nor claim of a substantial risk of an abuse of confidence here.
While the action by the employee-mother, in seeking her son’s acceptance of a certain plea disposition, was ill-advised and improperly interfered in the relationship between her son and his attorney, it clearly appears that she was acting on her own, as a mother, and not under any color of authority of the District Attorney’s office. Plainly, this is demonstrated by the fact that there has never been an offer by the District Attorney which included a term of imprisonment of 2 to 6 years. Thus, on the facts of this case, although everyone is in agreement that the mother should not have proceeded as she did, on this record, there is no showing of "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence.”
Accordingly, upon the foregoing, the motion to disqualify the District Attorney and for the appointment of a special prosecutor is denied in all respects.